Lessee of THOMAS JONES *against* JAMES PARK and BENJAMIN KINSOLE.

The certificate of the Virginia commissioners must be judged of by its own words. Parol proof will not be allowed to contradict or vary it.

Those commissioners never granted two certificates to the same person, unless one of them expressed that he held as assignee of another.

THE plaintiff claimed under a patent dated in 1785, and made a regular title, under divers mesne conveyances, to 340 acres of land, the subject of controversy.

The defendant held under a certificate granted by the Virginia commissioners to Zadock Wright, on the 18th February 1780, stating that he "was entitled to 400 acres of land, at the mouth of Montour's run in Yohiogena county, to include his settlement made in 1772."

A witness proved that in 1772, Zadock Wright had settled a tract at the mouth of Montour's run, different from the lands in question; that John Westfall had settled another tract of ¾ of a mile above the mouth thereof, and Able Westfall, one other tract below its mouth; and that the title of Zadock Wright's tract since became vested in Jeremiah Wright. On inspection of a diagram, which represented all the tracts together, it was manifest that the terms of the Virginia certificate call for the lands held by Jeremiah Wright.

Mr. Brackenridge for the defendant, then proposed to call witnesses to prove that the Virginia certificate was intended to protect and secure the improvement of John Westfall, which was objected to by Messrs. Ross and Woods for the plaintiff, and immediately overruled by the court. Such testimony would render all property held under titles of this nature insecure. The terms of the written

paper must govern. and it is evident that the certificate was intended for the lands now occupied by Jeremiah Wright. Zadock Wright made his settlement there, at the mouth of Montour's run. We are no strangers to the mode of procedure adopted by the Virginia commissioners. They never granted two certificates to the same person, unless he claimed one of the tracts as assignee of some other, and in such case it was uniformly so expressed in the certificate. Here it is not so expressed, and the consequence is obvious, that the plaintiff is entitled to recover.

Verdict *pro quer. instanter.*